IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMOND G. BROWN, | |
| Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | 1:23-cv-04157-ELR-JKL |
| IC SYSTEM INC.; CAVALRY PORTFOLIO SERVICES LLC; MIDLAND CREDIT MANAGEMENT, INC.; ABSOLUTE RESOLUTIONS INVESTMENTS LLC; FINANCIAL RECOVERY SERVICES INC.; and FIRST NATIONAL COLLECTION BUREAU INC., | |
| Defendants. | |

**ORDER**

This is a consumer case in which Plaintiff Raymond G. Brown, proceeding *pro se*, alleges that Defendants obtained his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). The case is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"). [Doc. 1.] Upon review of the application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915(a) and **GRANTS** him leave to proceed IFP.

Therefore, Plaintiff will be allowed to proceed with this action without prepayment of a filing fee.

Because Plaintiff is proceeding IFP, the Court must conduct a frivolity review to determine whether this action is frivolous or malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In screening a complaint for frivolity, the court weighs the alleged facts in the plaintiff's favor and accepts them as true unless they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). But even "[a]ccepting the plaintiff's factual allegations as true, the complaint must state a claim to relief that is plausible on its face to avoid dismissal." *Baptiste v. Doe*, No. 20-14564, 2021 WL 6112976, at *1 (11th Cir. Dec. 27, 2021).

> A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claim. A court "draw[s] on its judicial experience and common sense" in determining whether a claim is plausible. This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Furthermore, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."

*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

In the case of *pro se* litigants, a complaint is to be "liberally construed" and "must be held to a less stringent standard than formal pleadings drafted by lawyers."

2

*Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  "While courts construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, they still must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure."  *Pounds v. Dieguez*, 850 F. App'x 738, 739 (11th Cir. 2021) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## BACKGROUND

In his complaint, Plaintiff names six entities as defendants:  (1) IC System Inc., (2) Cavalry Portfolio Services LLC, (3) Midland Credit Management, Inc., (4) Absolute Resolutions Investments LLC, (5) Financial Recovery Services Inc., and (6) First National Collection Bureau Inc.  (Compl. [Doc. 1-1] ¶¶ 5-10.)  Each of the defendants are alleged to be "debt collectors."  (*Id.* ¶ 11.)

Plaintiff alleges that on August 1, 2023, he reviewed his TransUnion and Experian credit reports and discovered that Defendants had made a total of twelve "unauthorized inquiries" to obtain his credit report from January 2022 through May 2023.  In particular, Plaintiff alleges that:

- IC System made one inquiry on April 5, 2023 (*id.* ¶ 20);
- Cavalry Portfolio Services LLC made three inquiries on June 23, 2022, September 20, 2022, and May 8, 2023 (*id.* ¶ 15);

3

- Midland Credit Management, Inc. made four inquiries on January 5, 2022, March 14, 2022, May 28, 2022, and September 21, 2022 (*id.* ¶ 16);

- Absolute Resolutions Investments LLC made one inquiry on September 23, 2022 (*id.* ¶ 17);

- Financial Recovery Services Inc. made one inquiry on October 21, 2022 (*id.* ¶ 18); and

- First National Collection Bureau Inc. made two inquires on January 16, 2023 and February 16, 2023 (*id.* ¶ 19).

According to Plaintiff, he never initiated a consumer credit transaction, had an account, or entered into any sort of contract with any of the Defendants. (*Id.* ¶¶ 21-22.) He also alleges that he never provided consent to Defendants to access his consumer report. (*Id.* ¶ 23.)

Based on these "unauthorized inquiries," Plaintiff alleges that he suffered emotional distress, "anger," and "vulnerability, worry and anxiety which lead to sleeplessness and headaches." (Compl. ¶¶ 27-29.) He also alleges that Defendants' actions were "willful." (*Id.* ¶ 32.)

Plaintiff asserts two claims, each against all Defendants. In Count One, he alleges that Defendants violated 15 U.S.C. § 1681b(f) of the FCRA, which allows

consumers to bring suit against persons that use or obtain consumer reports for improper purposes. (Compl. ¶¶ 37-41.) In Count Two, he asserts that Defendants violated the FDCPA by making a false representation or deceptive means to obtain information about him, in violation of 15 U.S.C. § 1692e(10). (*Id.* ¶¶ 42-47.)

## ANALYSIS

### A. FCRA Claim

The Court begins its analysis with Plaintiff's FCRA claim. Section 1681b(f) of the FCRA "prohibits a person from using or obtaining a consumer report without a permissible purpose." *Hill v. Ocwen Loan Servicing,* 369 F. Supp. 3d 1324, 1340 (N.D. Ga. 2019) (citing 15 U.S.C. § 1681b(f)). To prevail on a § 1681b(f) "permissible purpose" claim, the plaintiff must show (1) that there was a consumer report; (2) that the defendant obtained it; (3) that the defendant did so without a permissible statutory purpose; and (4) the defendant did so with the requisite mental state of negligence or willfulness. *Id.* (citing *Davis v. Capital One Auto Fin.*, No. 1:17-cv-1706-WSD, 2017 WL 41219647, at *2 (N.D. Ga. Sept. 18, 2017)).

"The FCRA enumerates an exhaustive list of the 'permissible purposes' for which a person may use or obtain a consumer report." *Domante v. Dish Networks, L.L.C.*, 974 F.3d 1342, 1345 (11th Cir. 2020) (citing 15 U.S.C. § 1681b(a)(3)). These include furnishing a consumer report to a person the consumer reporting agency has reason to believe "intends to use the information in connection with a

5

credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(1)(3)(A).

> Other permissible purposes include providing a consumer report in response to a court order or subpoena; pursuant to written instructions by the consumer; for employment purposes; for underwriting of insurance; for evaluation of eligibility for a license; for assessment of credit or prepayment risks associated with an existing credit obligation; in relation to legitimate business needs of the consumer; to review an account or to determine if the consumer meets the terms of an account; for issuance of government-sponsored travel charge cards; in relation to child support enforcement; to an agency administering a State plan under 42 U.S.C. § 654; and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent.

*Jairam v. Franklin Collection Servs., Inc.*, No. 1:17-CV-2449-TCB-CMS, 2018 WL 1858241, at *2 (N.D. Ga. Feb. 13, 2018) (citing 15 U.S.C. § 1681b(a)(1)-(6)), *report and recommendation adopted*, 2018 WL 1858242 (N.D. Ga. Mar. 6, 2018).

Here, Plaintiff alleges that Defendants did not have a permissible purpose for requesting his credit reports because he never initiated a consumer credit transaction with the Defendants, never had an account with them, never entered into any sort of contract with them, and never provided them with consent to access his credit reports. But he does allege that Defendants are debt collectors, which raises the distinct possibility that Defendants accessed his credit information in an

effort to collect on a debt, which is generally a permissible purpose under the FCRA. 15 U.S.C. § 1681b(a)(3)(A).

Other courts have found that allegations like these are insufficient to state a plausible claim for relief under § 1681b(f). For example, in *Hinkle v. CBE Group*, a *pro se* plaintiff alleged that she discovered that the defendant, whom she later learned was a was a third-party debt collector, had obtained her credit report. No. CV 311-091, 2012 WL 681468, at *1 (S.D. Ga. Feb. 3, 2012), *report and recommendation adopted*, 2012 WL 676267 (S.D. Ga. Feb. 29, 2012). She alleged that the defendant lacked a permissible purpose to access her credit report because she had "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" the defendant and that she had never consented to the defendant accessing her credit report. *Id.* at *2. The court found that these allegations were insufficient to state a plausible claim for relief under § 1681b(f). The court explained:

> it is not necessary for Plaintiff to have had direct dealings with Defendant; for example, one of the "permissible purposes" for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer. Thus, if a collection agency . . . is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use

7

information in connection with a transaction that the consumer initiated with the creditor.

*Id.*

*Hinkle* is hardly an outlier.  The Court's own research reveals numerous other cases where Courts have found that similar allegations are insufficient to state a viable claim for relief.  *See, e.g., Davis v. Cap. One Auto Fin.*, No. 1:17-CV-1706-WSD, 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18, 2017) (dismissing § 1681b(f) claim because plaintiff's "allegations that he never had business dealings, made a credit application with, or gave permission to Defendant to access his credit report are insufficient to state a claim because it is clearly established that an absence of dealings with the user of credit information is simply not enough to establish liability") (cleaned up); *Heagerty v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-132-WCO-JCF, 2014 WL 12860405, at *3 (N.D. Ga. Sept. 23, 2014) (dismissing § 1681b(f) claim where plaintiff did not allege facts that plausibly showed that, in spite of defendant's relationship to the loan, it lacked a permissible purpose to pull the plaintiff's credit report), *report and recommendation adopted as modified*, 2014 WL 12860517 (N.D. Ga. Oct. 30, 2014); *see also, e.g., Jairam v. Cap. One Bank USA, N.A.*, No. 1:17-CV-2447-TCB-CMS, 2018 WL 1869819, at *2 (N.D. Ga. Feb. 12, 2018), *report and recommendation adopted*, 2018 WL 1869823 (N.D. Ga. Mar. 13, 2018); *Muhammad v. Lockhart, Morris &*

*Montgomery, Inc.*, No. 3:16-CV-194-TCB-RGV, 2017 WL 8181020, at *3 (N.D. Ga. Jan. 11, 2017); *Foxworth v. Craig R. Goodman L. Offs., LLP*, No. 1:12-CV-814-SCJ-RGV, 2012 WL 13130305, at *2 (N.D. Ga. Mar. 13, 2012).  As the Court in *Muhammad* put it, "the scant factual matter offered by plaintiff in his complaint establishes nothing beyond speculation as to the mere possibility of an FCRA violation, without presenting enough facts to raise a reasonable expectation that discovery will reveal unlawful conduct."  *Muhammad*, 2017 WL 8181020, at *3 (cleaned up).  So it goes for Plaintiff's claim under the FCRA.  Absent factual allegations that provide a plausible basis to conclude that Defendants lacked a permissible purpose to request Plaintiff's consumer report, Plaintiff has not stated a claim under § 1681b(f).

In addition, the complaint fails to allege facts that plausibly suggest that any Defendant acted willfully to violate the FCRA.  The FCRA provides for recovery of actual or statutory damages as well as punitive damages if the violation is willful. 15 U.S.C. § 1681n.  Willful violations include both knowing and reckless violations.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59-60 (2007).  "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a high risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Id*. at 69.  "In pleading

willfulness, a party may 'generally' allege the defendant's state of mind"; however, "[t]his does not mean that the plaintiff may make a conclusory allegation that Defendant acted willfully or may otherwise plead the bare elements of the claim." *Foxworth v. Asset Acceptance, LLC*, No. 1:11-CV-02182-CC-AJB, 2011 WL 13318723, at *3 (N.D. Ga. July 11, 2011), *report and recommendation adopted*, 2011 WL 13318798 (N.D. Ga. Oct. 6, 2011). Here, Plaintiff merely alleges that "Defendant's [sic] conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from defendant's conduct." This is insufficient to "suggest how or why [Defendants'] actions were willful in obtaining the [Plaintiff's] credit report." *Id.*; *see also Jairam v. Franklin Collection Servs.*, 2018 WL 1858241, at *3. Accordingly, in its present form, Plaintiff's § 1681b(f) claim cannot pass frivolity screening.

### B. FDCPA Claim

The Court next takes up Plaintiff's FDCPA claim. The FDCPA "was passed 'to eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and to promote consistent state action in protecting consumers against debt collection abuses." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312-13 (11th Cir. 2015) (quoting 15 U.S.C. § 1692(e)). To state a

claim under the FDCPA, "a plaintiff must allege, among other things (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *see also Anderman v. JP Morgan Chase Bank, Nat'l Ass'n*, 803 F. App'x 290, 292 (11th Cir. 2020).

Section § 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Conduct proscribed under the statute includes, among other things, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Here, Plaintiff's FDCPA claim is premised on his assumption that because he lacked a business relationship with any of the Defendants and did not provide them consent, they lacked authority to request his credit information. But Plaintiff alleges (albeit conclusorily) that Defendants were debt collectors, and, in general, collection agencies retained by a creditor to collect on an account may permissibly obtain a consumer report in conjunction with collection activities. 15 U.S.C. § 1681b(a)(3)(A). Moreover, Plaintiff alleges no facts to suggest that any Defendant misled or deceived Equifax or TransUnion to provide information about Plaintiff. So while it might be ***possible*** that none of the Defendants had a valid reason to

request Plaintiff's credit reports, the allegations in the complaint do not make it ***plausible*** to infer that all six Defendants, all acting independently of the other, duped Equifax and TransUnion into providing them with credit information. Accordingly, Plaintiff's FDCPA claim fails as well.

### C. Improper Joinder of Defendants

Separate and apart from the foregoing substantive legal problems, Plaintiff's complaint suffers from a significant procedural defect because he has joined six entities as party defendants based on independent, discrete actions. Federal Rule of Civil Procedure 20(a) permits a plaintiff to "join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)). "[S]tatus as a *pro se* litigant [does] not relieve [a plaintiff] of the obligation to comply with Rule 20(a)." *Smith v. Warden*, 597 F. App'x 1027, 1030 (11th Cir. 2015). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986).

Misjoinder of parties, however, "is not a ground for dismissing an action." Fed. R. Civ. P. 21.

In *Tacoronte v. Zakheim & Assocs., P.A.*, a district court faced with this exact situation ordered that the case proceed only against the first-named defendant and that the remaining defendants be dismissed without prejudice. No. 6:10-CV-1408, 2010 WL 5209336 (M.D. Fla. Nov. 30, 2010), *report and recommendation approved*, 2010 WL 5209334 (M.D. Fla. Dec. 16, 2010). The plaintiff brought a single lawsuit against four defendants alleging that they improperly requested his credit reports over a period of many months with no permissible purpose in violation of the FCRA, FDCPA, and Florida state law. *Id.* at *1-2. The court found that joinder was not proper because "the only commonality that these Defendants share is that they each independently initiated credit report pulls allegedly without a proper purpose or authorization." *Id.* at *2. As the court put it, "[s]imply because these four unrelated Defendants may have sought credit bureau information on her at unrelated times does not mean that her claims against them arise out of the same transaction or occurrence or are logically related." *Id.*

A district court in California reached a similar conclusion in *Rubinstein v. Equifax Info. Servs., LLC*, CV 22-1052 PA (GJSx), 2022 U.S. Dist. LEXIS 74027 (C.D. Cal. April 20, 2022). In *Rubinstein*, the plaintiff sued six defendants—one consumer reporting agency and five furnishers of information—in a single FCRA

action. *Id.* at *1. The plaintiff argued that the five furnishers were properly joined as defendants because they each inaccurately reported separate accounts as "charge off," and, thus, their conduct arouse out of the same transaction or occurrence. *Id.* at *4. The court disagreed, reasoning that the complaint alleged "separate account disputes and violations by each defendant" and that "each claim raises potentially different issues and calls for different evidence and must be viewed in an individual light by the Court." *Id.* at *5. The court also observed that "[b]y attempting to join Defendants in a single action without sufficient facts to support joint action, Plaintiff increases the risk that the conduct of one defendant will be wrongly attributed to another independent defendant." *Id.*

*Tacoronte* and *Rubenstein* are on point and persuasive. Here, Plaintiff "combine[s] in one action claims against multiple entities that allegedly engaged in similar but unrelated conduct." *Rubinstein*, 2022 U.S. Dist. LEXIS 74027, at *5. Liberally construing the complaint (as the Court must), Plaintiff alleges that six different entities improperly accessed his credit files on twelve separate occasions over a sixteen-month period. Each violation stands on its own, which raises the distinct possibility that each claim will involve different evidence and legal issues. For these reasons, the Court finds that Defendants have been misjoined. As a result, if this case proceeds beyond frivolity screening, only Plaintiff's claims against the first named defendant, IC System Inc., should remain in this case, and the five

remaining defendants should be dropped. *See Tacoronte*, 2010 WL 5209334, at *1 (adopting recommendation that case continue only as to first-named defendant). As will be discussed presently, Plaintiff is free to bring separate suits against the five dropped defendants.

## LEAVE TO AMEND

Where it appears that a more carefully drafted complaint might state a plausible claim for relief, a *pro se* plaintiff should ordinarily be given an opportunity to amend the complaint before the court dismisses his claims. *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). While Plaintiff's complaint, in its current state, gives little indication that he can state a plausible claim for relief under the FCRA or the FDCPA, the Court will reserve ruling on the frivolity determination and permit Plaintiff **one opportunity** to replead his claims to cure the deficiencies noted herein.

Plaintiff is therefore **ORDERED** to **AMEND** the complaint within **FOURTEEN (14) DAYS** of this Order and cure the deficiencies noted in this order. Plaintiff's complaint must set forth allegations that state a plausible claim for relief under the FCRA, the FDCPA, and the Federal Rules of Civil Procedure against IC System Inc. only. Due to the misjoinder discussed above, Plaintiff ***must not*** name Cavalry Portfolio Services LLC, Midland Credit Management, Inc., Absolute

Resolutions Investments LLC, Financial Recovery Services Inc., or First National Collection Bureau Inc. as party defendants in the amended complaint. Instead, if he wishes to assert FCRA or FDCPA claims against those defendants, he must file separate actions against each of them. Any such complaints must also cure the substantive legal defects noted in this order. Also, because any new complaints will be given new case numbers, Plaintiff is directed that if he files a renewed case against any of the dropped defendants, he must inform the Clerk of Court of this related case on the civil action coversheet.[1]

**Plaintiff is also advised that failure to submit a complaint that conforms to this Court's instructions in this Order within the specified time period will result in a recommendation that this action be dismissed.**

The Clerk is further **DIRECTED** to resubmit this matter to the undersigned Magistrate Judge upon plaintiff's filing of an amended complaint or the expiration of fourteen (14) days from the date of this Order, whichever first occurs.

IT IS SO ORDERED this 25th day of September, 2023.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[1] Separately, the Clerk is **DIRECTED** to assign any such cases to the undersigned and the presiding district judge as related cases.